IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

LARONDI FLOWERS,                        *

    Plaintiff,                        *

        v.                               *       CIVIL NO.: WDQ-13-1526

UNIVERSITY OF MARYLAND                   *
SCHOOL OF MEDICINE, et al.,             *

    Defendants.                       *

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM OPINION

LaRondi Flowers, pro se, sued the University of Maryland School of Medicine (the "University"), Madonna Penny, and Curt Civin for employment discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").[1]  Pending is the defendants' unopposed motion to dismiss for failure to state a claim.[2]  ECF No. 9.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2011).  For the following reasons, the defendants' motion will be granted.

---

[1] 42 U.S.C. §§ 2000e et seq.

[2] On September 9, 2013, the defendants filed a motion to dismiss. ECF No. 6.  On October 4, 2013, they filed a "corrected" motion to dismiss, which omits two inapplicable grounds for dismissal that were erroneously included in the first motion.  ECF No. 9 at 1 n.1.  Both motions are unopposed.  Accordingly, the Court will deny the first motion to dismiss as moot and consider only the corrected motion.

I.   Background[3]

During 2009-2012, Flowers was employed by the University as an Executive Administrative Assistant ("Executive Assistant") to the Associate Dean, Dr. Civin.  *See* ECF No. 1 at 1-3.  In 2010, Flowers complained to "HR" that she was being "mistreat[ed]," and that Dr. Civin had requested that she perform "personal items."  *See id.* at 2.  HR responded in writing that many of the Executive Assistants at the University "do some personal scheduling for their supervisors," but such job duties are generally discussed during the interview for the position.  *See id.*  HR also noted that the University did not have a specific policy about personal scheduling, "as each Executive has different needs and expectations in terms of their assistants."  *Id.*  After Flowers expressed these concerns to HR, "[t]he harassment began."  *See id.*

Flowers was hospitalized after she was attacked by a pit bull.  *Id.* at 3.  Her Director[4] emailed her while she was in the

---

[3] For the motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). In reviewing the motion to dismiss, the Court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic.  *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal quotations and citations omitted)).

hospital to request that she "schedule items and take care of [her] responsibilities." *Id*. Flowers responded that she was in the Emergency Room and possibly needed surgery. *See id*. However, the Director "still wanted [her] to work." *Id*. He told her that he was "sure [she] could use the overtime pay." *Id*.

In 2011 and 2012,[5] Flowers filed discrimination charges with the Equal Employment Opportunity Commission ("EEOC"). *Id*. On November 28, 2012, Flowers was suspended without pay. *Id*. Sometime after, she was terminated, but she never received a termination notice. *See id*. Instead, she discovered that she had been terminated when her workers' compensation claim was denied. *Id*. On February 27, 2013, Flowers received a right to sue letter from the EEOC. *Id*.; ECF No. 1-4 at 1-3.

On May 24, 2013, Flowers sued the defendants for employment discrimination on the basis of race and color, in violation of Title VII. ECF No. 1 at 1-2. On September 9, 2013, the defendants moved to dismiss. ECF No. 6. On September 11, 2013, a "Rule 12/56 letter" was mailed to Flowers, informing her that if she did "not file a timely written response" to the motion, "the Court may dismiss the case . . . without further notice." ECF No. 7. On September 25, 2013, Flowers moved--with the

---

[4] The "Director" is not identified.

[5] The exact dates she filed these charges are not in the record.

defendants' consent--for a 30 day extension of time to respond to the motion. ECF No. 8. On October 4, 2013, the defendants filed a "corrected" motion to dismiss. ECF No. 9. On October 7, 2013, the Court granted Flowers's requested extension. ECF No. 10. On October 9, 2013, a second Rule 12/56 letter was mailed to Flowers. ECF No. 11. On October 28, 2013, Flowers filed a motion for an extension to respond to the defendants' motion. ECF No. 13-1. The Clerk of the Court returned the filing to her, however, because it was a duplicate of the first motion for an extension. ECF No. 13. Flowers did not submit a new motion for an extension or file an opposition to the defendants' motions.

II. Analysis

   A. Legal Standard for Motion to Dismiss

   Under Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

   The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l*,

*Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability;'" the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B. Flowers's Claims

Title VII prohibits an employer from discriminating against an employee because of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1).

1. Hostile Work Environment

Construed liberally, Flowers's complaint alleges that she was "harass[ed]" and "mistreat[ed]" at work, creating a hostile work environment. *See* ECF No. 1 at 2. The defendants contend that Flowers fails to allege "any facts to support a conclusion that the alleged harassment was based upon her color or sex." ECF No. 9-1 at 3.

To state a hostile work environment claim, Flowers must allege that the offending conduct was: (1) unwelcome; (2) based on race or color; (3) subjectively and objectively severe or pervasive enough to alter the plaintiff's conditions of employment and create an abusive atmosphere; and (4) imputable to the employer. *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183-84 (4th Cir. 2001); *Alston v. N. Carolina A & T State Univ.*, 304 F. Supp. 2d 774, 779 (M.D.N.C. 2004). To establish that the conduct was based on race or color, the plaintiff must show that "but for" her race or color, she "would not have been the victim of the alleged discrimination." *See Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998); *Hartsell v. Duplex Products, Inc.*, 123 F.3d 766, 772 (4th Cir. 1997).

Flowers alleges that her boss required her to perform some non-work-related scheduling for him, and that she was required to work while in the hospital recovering from a severe dog bite. *See* ECF No. 1 at 2-3. She also alleges--without elaboration--

that she was "harass[ed]" and "mistreat[ed]" at work. *See id.* at 2. Although Flowers was unhappy with her job and her supervisors, she has not alleged any facts to show that the defendants' offending conduct was motivated by her race or color. *See, e.g., Simmington v. Gates*, CIV.A. DKC 08-3169, 2010 WL 1346462, at *15 (D. Md. Mar. 30, 2010) ("That Plaintiff may have felt demeaned or demoralized by the actions of management does not create a federal cause of action for hostile work environment merely because Plaintiff happens to belong to a class protected by Title VII.").[6] Flowers has not stated a hostile work environment claim.

### 2. Discriminatory Discharge

Construed liberally, Flowers's complaint also alleges that she was terminated because of discrimination. *See* ECF No. 1 at 2. The defendants contend that Flowers has not alleged "any facts to support her claim that her race was the basis for the employment action taken by the University." ECF No. 9-1 at 3.

---

[6] *See also Steadman v. Crystal Gateway Marriott*, CIV.A. 01-1083-A, 2002 WL 32502351, at *5 (E.D. Va. Mar. 11, 2002) *aff'd*, 45 F. App'x 288 (4th Cir. 2002) ("Congress did not intend for Title VII to turn the federal courts into human resource or personnel departments . . . ."); *Garland v. Rocky Top Wood Pres./The Franklin Grp.*, CIV.A. WMN-13-29, 2013 WL 3816980, at *2 (D. Md. July 22, 2013) ("While *pro se* complaints are held to a less stringent standard, even a *pro se* complaint must meet a minimum threshold of plausibility.") (*citing O'Neil v. Ponzi*, 394 Fed. App'x. 795, 796 (2d Cir. 2010)).

To state a *prima facie* claim of discriminatory discharge under Title VII, Flowers must allege "(1) that she is a member of a protected class; (2) that she was qualified for her job and her job performance was satisfactory; (3) that, in spite of her qualifications and performance, she was fired; and (4) that the position remained open to similarly qualified applicants after her dismissal." *Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1228 (4th Cir. 1998) (internal citations and quotations omitted).

Flowers has not alleged any facts to suggest that she was terminated because of her race or color. Also, she has not alleged that she is a member of a protected class, that she was performing her job satisfactorily, or that her position remained open after her discharge. Accordingly, she has failed to create the "inference of discrimination" that arises from a *prima facie* case. *See Carter v. Ball*, 33 F.3d 450, 459 (4th Cir. 1994). Flowers has not stated a claim of discriminatory discharge.

### 3. Retaliation

Title VII makes it unlawful for an employer to "discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge . . . or participated in any manner in an investigation,

8

proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a).

Construed liberally, Flowers's complaint alleges that she was "harass[ed]" in retaliation for her complaints to HR about having to perform personal scheduling for Dr. Civin. See ECF No. 1 at 2. The defendants argue that the complaint does not "allege that [Flowers] suffered retaliation for complaining of race and/or sex discrimination." ECF No. 9-1 at 3.

To state a retaliation claim, Flowers must allege that (1) she engaged in a protected activity, (2) her employer took adverse action against her, and (3) the adverse action was causally connected to her protected activity. *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 551 (4th Cir. 2006). To show protected activity, the employee must allege that she complained "about activity that constitutes unlawful discrimination under Title VII rather than about unfair treatment generally." *Conyers v. Virginia Hous. Dev. Auth.*, 927 F. Supp. 2d 285, 295 (E.D. Va. 2013) *aff'd*, 533 F. App'x 342 (4th Cir. 2013) *cert. denied*, 134 S. Ct. 1028, 188 L. Ed. 2d 125 (2014). If the offending conduct does not violate Title VII, the employee must have had an "objectively reasonable belief in light of all the circumstances that a Title VII violation has happened or is in progress." *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 340-41 (4th Cir. 2006); *Gray v. Walmart Stores,*

*Inc.*, 7:10-CV-171-BR, 2011 WL 1831780, at *7 (E.D.N.C. May 12, 2011).

Flowers has not alleged that she complained to her employer about discrimination. She has only alleged that she complained to HR, because her boss wanted her to perform some scheduling tasks that she did not want to do and believed were not within her job duties. *See* ECF No. 1 at 2. Because no objectively reasonable person could have believed that this conduct violated Title VII, Flowers has failed to state a retaliation claim.[7] The defendants' motion to dismiss will be granted.[8]

---

[7] *See, e.g., Conyers*, 927 F. Supp. 2d at 296 (complaints about arbitrary enforcement of personnel rules in which plaintiff did not claim she was experiencing race or sex discrimination were not protected activity); *Sajadian v. Am. Red Cross*, 202 F.3d 260, at *1 (4th Cir. 1999) (table) (affirming summary judgment for employer on retaliation claim, because plaintiff's complaints expressing "general concerns about her workload, hours, and denial of leave" were not protected activity); *see also Jordan*, 458 F.3d at 342 ("Congress did not write the antiretaliation provision in Title VII to protect employees who, with no more than good faith, complain about conduct that no reasonable person would believe amounts to an unlawful employment practice.").

[8] Because Flowers is proceeding *pro se*, the Court has also reviewed the assorted evidence she attached to her complaint to determine if it can support her discrimination claims. ECF No. 1-4. None of the evidence demonstrates that Flowers is a member of a protected class, that the defendants' conduct was based on Flowers's race or color, that her position remained open after her termination, or that she complained to her employer about discrimination. *See supra* Section II.B.

III. Conclusion

For the reasons stated above, the defendants' motion to dismiss will be granted.

_6/6/14_  
Date

_/s/ signature_  
William D. Quarles, Jr.  
United States District Judge